JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:    +1 213 239 5199

*Attorneys for Plaintiffs*
*NBCUniversal Media, LLC, Universal Television LLC, and Universal Studios Licensing LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| NBCUniversal Media, LLC, a Delaware limited liability company; Universal Television LLC, a New York limited liability company; and Universal Studios Licensing LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Jay Kennette Media Group LLC, a Delaware limited liability company; Gooder Labs, LLC, a Delaware limited liability company; and Kenneth Talbert, an individual,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-04541-SB-JPR<br><br>**STIPULATION FOR ENTRY OF JUDGMENT FOR PERMANENT INJUNCTION** |

     This Stipulation for Entry of Judgment for Permanent Injunction is entered into by and between Plaintiffs NBCUniversal Media, LLC, Universal Television LLC, and Universal Studios Licensing LLC ("Plaintiffs" or "NBCU") and Defendants Jay Kennette Media Group LLC, Gooder Labs, LLC, and Kenneth Talbert ("Defendants") through their respective undersigned counsel of record in this action, with reference to the following facts:

     1.    On July 1, 2022, Plaintiffs filed a Complaint against Defendants in this action based on Defendants' registration with the United States Patent and Trademark Office and use in commerce of the marks DUNDER MIFFLIN and DILLON FOOTBALL;

     2.    On July 25, 2022, Defendants waived service of process of the Summons and Complaint in this action;

     3.    The Complaint seeks, among other things, to enjoin Defendants' use of Plaintiffs' trademarks and trademarks associated with: (i) the television series *The Office* including the mark DUNDER MIFFLIN and its stylized logo (the "DM Marks"), and (ii) the television series *Friday Night Lights* including the marks DILLON FOOTBALL, DILLON PANTHERS, PANTHERS FOOTBALL, DILLON PANTHERS FOOTBALL, EAST DILLON FOOTBALL and stylized logos for each mark (the "FNL Marks");

     4.    On October 19, 2022, Defendants filed their motion to dismiss Plaintiffs' First Amended Complaint and on January 27, 2023, the Court issued its order denying Defendants' motion to dismiss;

     5.    Defendants have not filed their answer or counterclaims; and

     6.    Plaintiffs and Defendants now desire to avoid further costs of litigation by stipulating to the entry by the Court of a Judgment for Permanent Injunction in this actions on the terms set forth below.

     NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the Court shall enter judgment in

this action granting a permanent injunction (the "Permanent Injunction Judgment") providing as follows:

    A.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their respective parent, subsidiary and affiliated companies, together with their respective officers, directors, principals, owners, partners, shareholders, agents, servants, employees, representatives, successors, assigns, licensees, transferees, attorneys, and all persons in privity with Defendants or with any of the foregoing, or acting in concert or participation with them, or at their direction, or within their control:

        1.    Shall be permanently enjoined and restrained from directly or indirectly infringing in any manner NBCU's trademark rights, including without limitation by (a) using in any manner any trademark, service mark, title, trade name, domain name, or trade dress that includes, is confusingly similar to, is a colorable imitation of, or is any other mark likely to cause confusion with the DM Marks or FNL Marks, in connection with the advertising, sale, offering for sale, rental, licensing, exporting, importing, manufacturing or other distribution of any goods or services, including without limitation apparel, hats, paper goods, mugs, branded events, and television series, or related goods or services (the "Enjoined Products"); (b) registering or attempting to register any trademark, service mark, title, trade name, domain name, or trade dress that includes, is confusingly similar to, is a colorable imitation of, or is any other mark likely to cause confusion with DM Marks or FNL Marks, (c) otherwise infringing or diluting the DM Marks or FNL Marks, or unfairly competing with NBCU, or otherwise injuring NBCU's business reputation in any manner; or (d) participating or assisting in any such activity whether occurring within the United States or outside the United States and having a substantial effect on commerce in the United States.

    B.    Defendants shall forthwith provide written notice of the Permanent Injunction Judgment: (1) to each of their respective officers, directors, principals,

owners, partners, shareholders, agents, servants, employees, attorneys, representatives, successors, assigns, licensees, transferees, all entities through which they conduct business, and all those acting in concert or participation with each or any of them; and (2) to all distributors, retailers, wholesalers, and other parties that they know or have reason to believe are in possession of any Enjoined Products for purposes of trade.  Defendants shall inform these individuals or entities that, in accordance with this Permanent Injunction Judgment, the Enjoined Products are not to be sold, advertised, promoted, marketed, or otherwise distributed, either within the United States or outside the United States. Defendants shall provide a copy of the Permanent Injunction Judgment as part of such notice, which may be transmitted by email.

      C.    Within thirty (30) days of the date the Court enters the Permanent Injunction Judgment, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Permanent Injunction Judgment, including their obligation to give notice.

      D.    The parties consent to, and the Court shall maintain, continuing jurisdiction for purposes of enforcement of the Permanent Injunction Judgment. Violation of the Permanent Injunction Judgment shall expose Defendants and all other persons bound by the Judgment to all applicable penalties, including contempt of Court.

      E.    Defendants irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient for the purposes of enforcing the Permanent Injunction Judgment. Defendants irrevocably and fully waive any and all right to appeal the Permanent Injunction Judgment, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

      F.    Defendants have agreed to and stipulate to the entering of the Permanent Injunction Judgment as part of settling the controversies between the

Parties.

G. The undersigned counsel represent that they have been authorized to execute this Stipulation For Entry of Permanent Injunction on behalf of their respective clients as set forth below.

Dated: March 14, 2023  JENNER & BLOCK LLP

By: /s/ Andrew J. Thomas
Andrew J. Thomas
Lauren M. Greene

*Attorneys for Plaintiffs
NBCUniversal Media, LLC, Universal Television LLC, and Universal Studios Licensing LLC*

Dated: March 14, 2023  BRAUN IP LAW, LLC

By: /s/ Jeanette M. Braun
Jeanette M. Braun

Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
T: 773-504-4036
docket@brauniplaw.com

Jordanna Thigpen
Thigpen Legal, P.C.
9595 Wilshire Blvd. Suite 961
Beverly Hills, CA 90212
T: 310-210-7491
jt@thigpenlegal.com

*Attorneys for Defendants
Jay Kennette Media Group LLC, Gooder Labs, LLC, and Kenneth Talbert*

*\*Pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2)(i), the filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

4
STIPULATION FOR ENTRY OF JUDGMENT FOR PERMANENT INJUNCTION